GEORGE E. LLEWELLYN, Respondent, v. MAUD M. LEWIS et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs January 7, 1914. Opinion Filed February 3, 1914.

CONVEYANCES: Quitclaim Deed: Rights Conveyed: Deed Construed. Several heirs who inherited an interest in fee in an undivided portion of land and an undivided interest in an estate in remainder in a portion of the land executed a quit-

claim deed conveying the land. The particular estate preceding the estate in remainder was an estate by the curtesy, which the father of the heirs had acquired by purchase. Prior to the execution of the quitclaim deed, their father had died testate, his will providing that his interest in the land should be sold and the proceeds held in trust. Subsequent to the death of the father, the land was sold at a partition sale, and so much of the proceeds as was determined to be the value of the estate by the curtesy was paid to the executor of the father's estate, who distributed a certain portion of it among the heirs who had executed the quitclaim deed. In an action by the grantee in the deed to recover the amount so paid the heirs, *held* that, at the time they executed the deed, defendants had no interest in the land itself, as beneficiaries under their father's will, and hence, although the deed conveyed whatever interest they had in the land itself, it did not convey their right to a distributive share in the fund realized from the sale of their father's interest in the land.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED.

*Bert L. Gridley* and *C. T. Llewellyn* for appellants.

*O. S. Callihan* and *T. L. Montgomery* for respondent.

REYNOLDS, P. J.—This suit is brought by George E. Llewellyn against his four half sisters for specific performance of a contract claimed to have been entered into between plaintiff and these defendants, it being alleged that defendants, notwithstanding the terms of this contract, have failed and refused to comply with it, "that is to say, have failed and refused to pay plaintiff the value of the life estate of Eugene Waples aforesaid, to-wit, the sum of $835.12." The interest of plaintiff is alleged to have arisen under and by virtue of a certain deed from defendants to plaintiff, of date January 29, 1904, by which defend-

ants purport to convey to plaintiff all their right, title and interest in and to 68 acres of land in Clark county, Missouri, and also all the right, title and interest of the grantors, defendants here, "in and to the estate of John W. Llewellyn, both real and personal in the hands or under the control of E. P. Spangler, administrator of the estate of John W. Llewellyn, deceased." This deed is what is designated above as the contract. It is alleged that in addition to the nominal consideration of one dollar, named in the above-mentioned deed, plaintiff was to dismiss certain suits and quitclaim all of his interest in 560 acres of land to defendants, to pay the costs in the suit and pay $100 fee to the attorney for defendants; that he had performed all these things but defendants had failed and refused to perform their part of the contract.

Defendants, appellants here, pleaded the judgment and decree rendered in the case of Charles T. Llewellyn, appellant, v. George E. Llewellyn, respondent, 122 Mo. App. 467, 99 S. W. 809, in bar of the present suit, and pleaded fraud in the procuring of the conveyance from themselves to respondent. The defendant Edith A. Llewellyn, now married and answering under the name of Edith A. Johnson, in her separate answer, in addition to the above, pleaded her minority at the time of the execution of the above-mentioned deed. There was a reply to these answers denying the plea of *res adjudicata,* following this by a general denial of each and every other allegation in the answer.

It is not necessary to recite the evidence in this case in detail, it being sufficient to say that plaintiff introduced evidence tending to show the conveyance to him above referred to, the real consideration for it, performance by him, and receipt by defendants of $835.12 from the executor of the estate of Jacob W. Llewellyn, as also other facts not necessary to here set out. Defendants introduced evidence tending to show that at the time of the execution of the deed of

January 29, 1904, the defendant Edith was only seventeen years of age, and that while they had all signed the paper referred to, they had been imposed upon and misled as to its meaning and had relied upon the promise that upon its execution, plaintiff here would institute no other suits or bring no other actions against them relative to this estate. The circuit court found in favor of plaintiff, finding that plaintiff is entitled to this sum of $835.12 received by defendants, as the value of the life estate of Eugene Waples, in the John W. Llewellyn land, which had been sold by Waples to Jacob W. Llewellyn, and that the same should be paid to him by defendants, each of them being ordered and required to pay plaintiff the sum of $208.78, that is one-fourth part each of the total sum, and that they pay the costs of this action. It is from this order that defendants have duly perfected their appeal to this court.

By reference to the opinion of our court in Llewellyn v. Llewellyn, supra, and which was given in evidence at this trial, it will be seen that certain real property, the disposition of which, or more accurately, of the proceeds of which is here involved, was owned by John W. Llewellyn. He died intestate December 16, 1886, leaving surviving him as his heirs at law his father, Jacob W. Llewellyn, two brothers, three sisters of the whole blood, and four sisters of the half-blood, the latter defendants below, appellants here, one of these brothers being this respondent. As said in the opinion in the case above referred to, the land was inherited in eight undivided interests, six of them going to the heirs of the whole blood, two of them to the heirs of the half-blood. One of the sisters of the whole blood, Josephine Waples, purchased the undivided interest of her father, Jacob, as also those of her two brothers, and of one sister of the whole blood, Mrs. Waples thus becoming possessed of an undivided five-eights interest in the fee. Thereafter Mrs. Waples

died. A child having been born alive to them during marriage, her husband, Eugene Waples, became entitled to a life interest by the curtesy in his wife's five-eighths interest. The right heirs of Josephine Waples, she dying intestate, were her father, two brothers, two sisters of the whole blood and four sisters of the half-blood, all taking subject to the curtesy of the husband. The interest of Jacob W. Llewellyn, as father of Mrs. Waples, after her death, was one five-fifty-sixth in the fee of the land as the heir of Josephine Waples. That was his only interest in the fee, since he had previously conveyed the interest inherited by him as the heir of his son, John W. Llewellyn, the original source of title, to Mrs. Waples before her death. But he had purchased the estate of the curtesy of Eugene Waples; and therefore at the time of the death of Jacob W. Llewellyn, which occurred February 16, 1895, he owned that curtesy interest in five-eighths of the land, together with the five-fifty-sixths interest in the fee which he had inherited from his daughter, Mrs. Waples. Jacob W. Llewellyn left a will by which he appointed his son, Charles T. Llewellyn, executor and directed him to sell certain property, real and personal, including this land here referred to, and directed that, after the payment of burial expenses and just demands, the remainder of the fund, thus to be derived, be loaned at interest upon real estate security. He also directed his executor to pay over to the testator's wife the above-mentioned interest annually until the testator's youngest daughter, Edith A. Llewellyn, should arrive at the age of eighteen years.

The executor, Charles T. Llewellyn, not having been able to sell Jacob W. Llewellyn's interest in the land, a suit was brought to partition it. It was while this partition suit was pending that the quitclaim deed, of date January 29, 1904, was executed by the defendants here to the plaintiff. In this partition suit, the court found the interests of the respective parties,

finding that Charles T. Llewellyn, as executor of the last will of his father, Jacob W. Llewellyn, was entitled to the life interest by the curtesy of Eugene Waples in five-eighths of the land above mentioned, and also to five-fifty-sixths interest in fee, both held in trust for the widow and children of Jacob W. Llewellyn. The land not being susceptible of division in kind, was ordered sold. After the sale this plaintiff here, George E. Llewellyn, filed a motion for distribution, setting up the interest he claimed to have acquired in this land from these defendants, and asking that the value of such interest be ordered paid him out of the proceeds of the sale of the land. The trial court having sustained this motion, the executor, Charles T. Llewellyn appealed to this court. This was the matter before us in Llewellyn v. Llewellyn, supra.

In that case we said: "The question for decision is, whether or not the quitclaim deed of the younger children of Jacob W. Llewellyn (these defendants) conveyed such an interest in the sixty-eight acres in controversy as to entitle George E. Llewellyn to be paid the value of the interest out of the proceeds of the sale." We held that to permit the deed to so operate would be to defeat the plain intention of the will of Jacob W. Llewellyn, by which will it was provided that his widow should enjoy the income from the proceeds of the sale of this and other property until his youngest daughter arrived at full age. We further there held that the interest of Jacob W. Llewellyn, deceased, in this land was to be treated in equity as personalty, applying the equitable doctrine of conversion. We also said that it mattered not that the executor had failed to sell; that it was reasonable to conclude that one of the purposes of the testator was to prevent a sale, or division of his interest by the children. The conclusion in Llewellyn v. Llewellyn, supra, was that the executor, Charles T. Llewellyn, "is entitled to the disputed pro-

ceeds as testamentary trustee, to be disposed of as directed in the will.''

This quitclaim deed, of January 29, 1904, purports to convey all of the right, title and interest of these defendants which they then had in and to this tract of land, as well as all of their right, title and interest in and to the estate of John W. Llewellyn, both real and personal. The deed does not purport to convey the respective distributive shares of these defendants in the estates of their father, Jacob W. Llewellyn. The fund here in controversy is derived from the proceeds of the sale of the life interest of Eugene Waples, which the father, Jacob W. Llewellyn, owned in the real estate above mentioned. Such proceeds were in fact paid to Charles T. Llewellyn, both as the executor of the will of Jacob W. Llewellyn and as testamentary trustee, in accordance with the mandate of this court in the above named Llewellyn case.

Plaintiff's contention here is, that he is entitled to these proceeds by reason of the quitclaim deed from these defendants to him and above mentioned. The land, it is to be borne in mind, had not then been sold. It is true that these defendants then had an interest in the land as the heirs of their brother, John W. Llewellyn, and as heirs of Josephine Waples, their half-sister, but that is the only interest they then had in the land itself. They took no interest in the land, as such under the will of their father, Jacob W. Llewellyn; all of his interest passed to his executor and testamentary trustee by the seventh clause of his will, that interest to be sold along with other property, real and personal, for the purpose of creating a common fund and Jacob W. Llewellyn bequeathed that fund and its income as money. By force of that clause of the will, as we held in the former case, the interest of Jacob W. Llewellyn in the land became personal property by virtue of the operation of the doctrine of equitable conversion.

These defendants therefore, on January 29, 1904, when they executed the quitclaim deed, had no interest in the land itself, as beneficiaries under their father's will; hence the quitclaim deed could pass none to this plaintiff. The interest which they did have, to-wit, that inherited by them as the heirs of John W. Llewellyn, the original owner, and as heirs of Josephine Waples, passed by the deed; as did likewise any further interest which they may have had in the estate of John W. Llewellyn. But the deed does not purport to and did not assign to this plaintiff the interest of these defendants in and to the fund provided by the last will and testament of their father Jacob, to be held in trust by his executor until his youngest child became of age. It is these distributive shares of these defendants in this fund which plaintiff now claims to have acquired by the quitclaim deed. That it did not so pass to plaintiff by that deed, and that he acquired no title thereto, is manifest, and such is the effect of our decision in the former case.

It follows that the judgment of the trial court here before us is erroneous. Other questions are presented by counsel but in the view we take of the case, it is unnecessary to consider them.

The judgment of the circuit court is reversed. *Nortoni* and *Allen, JJ.*, concur.